## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ABDIEL GONZALEZ,

        **Plaintiff,**

                                **Case No. 2:18-cv-3335**
    **v.**                          **Magistrate Judge Norah McCann King**

ANDREW SAUL,
**Commissioner of Social Security,**

        **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Abdiel Gonzalez for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

## I.   PROCEDURAL HISTORY

Plaintiff filed applications for disability insurance benefits and supplemental security income in July 2014, alleging that he has been disabled since January 25, 2014. R. 13, 160−67. The applications were denied initially and upon reconsideration. R. 84, 88−93, 95−100. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 101−03. Administrative Law

1

Judge Richard West ("ALJ") held a hearing on January 4, 2017, at which Plaintiff, who was represented by counsel, appeared and testified. R. 32–49. In a decision dated February 2, 2017, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 25, 2014, the alleged disability onset date, through the date of that decision. R. 13–24. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 9, 2018. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On July 25, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 10.[1] On March 3, 2020, the case was reassigned to the undersigned. ECF No. 31. The matter is now ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less

---

[1] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or

3

"ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although the ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter*, 650 F.2d at 482.  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

4

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See, e.g., Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

**B.    Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc.*

*Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the

plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## III.   ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 31 years old on his alleged disability onset date. R. 23.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between January 25, 2014, his alleged disability onset date, and the date of the decision, February 2, 2017. R. 15.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease and lumbar radiculopathy. R. 16. The ALJ also found Plaintiff's diagnosed obesity and asthma were not severe. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 16–17.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 17–22. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as furniture mover. R. 23.

At step five, the ALJ found that a significant number of jobs exist in the national economy that could be performed by an individual with Plaintiff's vocational profile and RFC, because Plaintiff's exertional limitations had little or no effect on the occupational base of unskilled sedentary work. R. 24. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 25, 2014, his alleged disability onset date, through the date of the decision. *Id*.

Plaintiff disagrees with the ALJ's findings at steps two, three, and four and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of

benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 27. The

Commissioner takes the position that his decision should be affirmed in its entirety because

the ALJ's decision correctly applied the governing legal standards, reflected consideration of

the entire record, and was supported by sufficient explanation and substantial evidence.

*Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 30.

## IV.   DISCUSSION

Plaintiff argues that the ALJ erred when crafting Plaintiff's RFC, specifically challenging

the ALJ's evaluation of the opinions of Plaintiff's treating physicians. *Plaintiff's Moving Brief*,

ECF No. 27, pp. 9−21. A claimant's RFC is the most that the claimant can do despite his

limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is the ALJ who is charged with

determining a claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e), 416.946(c);

*see also Chandler*, 667 F.3d at 361 ("The ALJ—not treating or examining physicians or State

agency consultants—must make the ultimate disability and RFC determinations.") (citations

omitted). When determining a claimant's RFC, an ALJ has a duty to consider all the evidence.

*Plummer,* 186 F.3d at 429. However, the ALJ need include only "credibly established"

limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*,

777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to include "a limitation

[that] is supported by medical evidence, but is opposed by other evidence in the record" but

"[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an

unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that

is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, the ALJ determined that Plaintiff had the RFC to perform sedentary work "as

defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant can perform occasional

climbing of ramps and stairs, occasional climbing of ladders, ropes or scaffolds, occasional balancing, occasional stooping, occasional kneeling, occasional crouching, and occasional crawling." R. 17. Plaintiff contends that the ALJ erred in this determination and specifically challenges the ALJ's evaluation of the opinions of Plaintiff's treating neurologist, Dr. Nazar Haidri,[2] and those of his treating chiropractors, Dr. Sokratis Dragonas and Dr. Ernesto Marticrena. *Plaintiff's Moving Brief*, ECF No. 27, pp. 9–21. "'A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 209 (3d Cir. 2019) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *see also Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (stating that an ALJ should give treating physicians' opinions "great weight") (citations omitted); *Fargnoli*, 247 F.3d at 43 (stating that a treating physician's opinions "are entitled to substantial and at times even controlling weight") (citations omitted). However, "[a] treating source's opinion is not entitled to controlling weight if it is 'inconsistent with the other substantial evidence in [the] case record.'" *Hubert v. Comm'r Soc. Sec.*, 746 F. App'x 151, 153 (3d Cir. 2018) (quoting 20 C.F.R. § 404.1527(c)(2)); *see also Brunson v. Comm'r of Soc. Sec.*, 704 F. App'x 56, 59–60 (3d Cir. 2017) ("[A]n ALJ may reject the opinion of a treating physician when it is unsupported and inconsistent with the other evidence in the record."). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion."

---

[2] The ALJ mistakenly refers to Dr. Haidri as "Dr. Haidri Nazar." R. 21.

9

*Morales*, 225 F.3d at 317 (internal quotation marks and citations omitted). The ALJ must consider the following factors when deciding what weight to accord the opinion of a treating provider: (1) the length of the treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; (5) the treating source's specialization; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6); *see also* SSR 96-2p. Accordingly, "the ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'" *Sutherland v. Comm'r Soc. Sec.*, 785 F. App'x 921, 928 (3d Cir. 2019) (quoting *Morales*, 225 F.3d at 317); *see also Nazario*, 794 F. App'x at 209–10 ("We have also held that although the government 'may properly accept some parts of the medical evidence and reject other parts,' the government must 'provide some explanation for a rejection of probative evidence which would suggest a contrary disposition.'") (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)); *Morales*, 225 F.3d at 317 ("Where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit[.]"); *Cotter*, 642 F.2d at 706–07 ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (internal citation omitted). Finally, "'[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]'" *Chandler*, 667 F. 3d at 361 (quoting *Brown v. Astrue*, 649 F.3d 193, 197 n. 2 (3d Cir. 2011)).

Although neither Plaintiff nor the Commissioner so acknowledge, *see generally Plaintiff's Moving Brief*, ECF No. 27, *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF

No. 30, a chiropractor is not an "'acceptable medical source' entitled to controlling weight."

*Hartranft v. Apfel*, 181 F.3d 358, 361 (3d Cir. 1999) (citations omitted); *see also* 20 C.F.R. §§

404.1513(a) (eff. Sept. 3, 2013 to March 26, 2017)[3] (listing acceptable medical sources that do

not include chiropractors), 416.913(a) (eff. Sept. 3, 2013 to March 26, 2017) (same). Rather, a

chiropractor is an "other source." *Id*. at §§ 404.1513(d)(1) (listing, *inter alios*, chiropractors as

medical sources who are not acceptable medical sources), 416.913(d)(1) (same); *see also* SSR

06-3p ("[O]nly 'acceptable medical sources' can be considered treating sources . . . whose

medical opinions may be entitled to controlling weight."). Although evidence from an "other

source" cannot be used as evidence to establish an impairment, 20 C.F.R. §§ 404.1513(a),

416.913(a), such evidence can be used to show the severity of a claimant's impairment and how

that impairment affects the claimant's ability to work, *id*. at §§ 404.1513(d)(1), 416.913(d)(1).

Opinions from "other sources" therefore "are important and should be evaluated on key issues

such as impairment severity and functional effects, along with the other relevant evidence in the

file." SSR 06-3p (stating further that "the Act requires us to consider all of the available evidence

in the individual's case record in every case"). The factors used under 20 C.F.R. §§ 404.1527

and 416.927 to evaluate medical opinions from "acceptable medical sources" may also be

applied to opinion evidence from "other sources." *Id*. Accordingly, "an opinion from an 'other

source' may not be rejected solely on the basis that it is not from an 'acceptable medical

source.'" *Sanford v. Comm'r of Soc. Sec*., No. CIV. 13-0366, 2014 WL 1294710, at *4 (D.N.J.

Mar. 28, 2014) (remanding action where the ALJ assigned little weight to, *inter alios*, the

claimant's treating chiropractor because that provider was not an "acceptable medical source").

---

[3] The ALJ issued the decision in this case on February 2, 2017. R. 13−24.

Here, the ALJ considered the opinions of Dr. Dragonas, one of Plaintiff's treating chiropractors, but assigned only "partial weight" and "little weight" to those opinions, reasoning as follows:

> The record reveals two opinions from Dr. Sokiatis Dragonas, the claimant's treating chiropractor since February of 2014. For instance, on November 10, 2014, Dr. Sokiatis Dragonas, the claimant's treating chiropractor since February of 2014, prepared a general medical report on behalf of the claimant (Exhibit 4F at 1). Dr. Dragonas opined that the claimant can lift and or carry fifteen pounds, he can stand and or walk for two hours in an eight-hour workday, he can sit less than six hours and he cannot pull or push weight exceeding fifteen pounds (*Id*. at 2). Thereafter, on November 17, 2014, Dr. Dragonas prepared a residual functional capacity questionnaire of behalf of the claimant (Exhibit 7F at 1). Dr. Dragonas opined that the claimant would need to recline or lie down during an eight hour workday in excess of normal breaks, and that the claimant can walk for five blocks before needing to rest (Id.). Dr. Dragonas further opined that the claimant can sit for two hours during an eight hour workday, and would need a job that permits shift position, and unscheduled breaks for fifteen to twenty minutes four to five times per day (Id.). Dr. Dragonas further opined that the claimant can frequently lift less than ten pounds, occasionally, ten pounds, he has no limitations on repetitive reaching, handling or fingering, and would he off from work three or four times per month (Id. at 2). The undersigned accords partial weight to Dr. Dragonas' November 10, 2014 opinion and little weight to Dr. Dragonas' November 17, 2014 opinion as it is not fully consistent [with] the medical signs or the claimant's course of treatment. Additionally, Dr. Dragonas' November 17, 2014 opinion is not consistent with the opinions of the state agency consultative examiners and medical consultants (Exhibits 1A at 5, 6, 5F at 2; 6A at 6).

R. 21–22; *see also* R. 292 (reflecting limitations from opinion dated November 10, 2014), 375–76 (reflecting limitations from opinion dated November 17, 2014).

Plaintiff argues, *inter alia*, that the ALJ's reasons for discounting Dr. Dragonas' opinions are vague, leaving Plaintiff and the Court to guess why Dr. Dragonas' opinions are "not fully consistent [with] the medical signs or the course of treatment." *Plaintiff's Moving Brief*, ECF No. 27, p. 20. In response, the Commissioner does not specifically address the weight given to Dr. Dragonas' opinions or why the ALJ discounted those opinions. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 30, pp. 9–13. Instead, the Commissioner generally refers to the

opinions of Plaintiff's three treating providers, recites some of Plaintiff's medical history, and contends that the opinions of treating providers do not bind the ALJ in crafting the RFC. *See id.*

The Commissioner's arguments are not well taken. Although an ALJ may choose whom to credit, an ALJ cannot reject evidence for no reason at all, and must articulate the reasons for discounting evidence. *Morales*, 225 F.3d at 317; *Plummer*, 186 F.3d at 429. Here, the ALJ did not sufficiently explain his treatment of the limitations identified in Dr. Dragonas' November 10, 2014, opinion. As a preliminary matter, it is not clear that he gave any reason at all for discounting the November 10, 2014, opinion. In the sentence specifically noting that "partial weight" was given to this opinion and "little weight" to the November 17, 2014, opinion, the ALJ stated that he discounted only the latter opinion as "not fully consistent with the medical signs or the claimant's course of treatment." *See* R. 22 ("The undersigned accords partial weight to Dr. Dragonas' November 10, 2014 opinion and little weight to Dr. Dragonas' November 17, 2014 opinion as *it* is not fully consistent the medical signs or the claimant's course of treatment.") (emphasis added). The ALJ's failure to provide a reason for assigning only partial weight to Dr. Dragonas' November 10, 2014, opinion therefore requires remand. *See Morales*, 225 F.3d at 317; *Plummer*, 186 F.3d at 429; *Lozada v. Saul*, No. CV 18-235, 2019 WL 4303023, at *4 (W.D. Pa. Sept. 11, 2019) (remanding action where the ALJ did not discuss the claimant's chiropractor's observations and opinions and stating that the ALJ "must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper" and his failure to do so "prohibits me from conducting a proper and meaningful review"); *Cardone v. Comm'r of Soc. Sec.*, No. CV 15-5063, 2016 WL 4468556, at *3 (D.N.J. Aug. 23, 2016) (remanding action where the ALJ did not consider the claimant's treating chiropractor's opinions and give reasons for discounting this evidence).

13

However, even assuming that the ALJ discounted both of Dr. Dragonas' opinions on the ground that both were "not fully consistent [with] the medical signs or the claimant's course of treatment[,]" this explanation is nevertheless inadequate. The ALJ does not cite to specific evidence, nor does he identify or explain what "medical signs" were inconsistent with the opinions articulated in Dr. Dragonas' November 10, 2014, opinion. *See generally* R. 22. Similarly, the ALJ nowhere explains why Plaintiff's "course of treatment" was inconsistent with this opinion. *See id.* The limited explanation provided by the ALJ therefore does not allow this Court to understand and assess the basis for the ALJ's decision to accord only partial weight to Dr. Dragonas' November 10, 2014, opinion. *See Jones,* 364 F.3d at 505 (stating that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"); *Alberg v. Comm'r of Soc. Sec.*, No. CV 17-12564, 2020 WL 2092777, at *1-2 (D.N.J. May 1, 2020) ("[T]he ALJ's conclusory lay opinion that a treating physician's opinion is not supported by the medical evidence, with no explanation of the contradictory medical evidence which justifies the ALJ's opinion, does not constitute substantial evidence. Under Third Circuit law, this constitutes reversible error."); *Zigarelli v. Comm'r, Soc. Sec. Admin.*, No. CV 18-12690, 2019 WL 3459080, at *4 (D.N.J. July 30, 2019) ("The ALJ, however, does not explain in what way he found the limitation to be vague, nor does he cite to specific contradictory evidence in the record. . . . [and] fails to explain how the opinion and treatment note are inconsistent with each other.[] Thus, the Court cannot determine whether the ALJ properly discounted Dr. Ranawat's opinion in this regard."); *Hines v. Colvin*, No. CV 18-13828, 2018 WL 6313499, at *4 (D.N.J. Dec. 3, 2018) ("These vague citations to the record are insufficient to 'provide a clear and satisfactory explication" of the weight given to Dr. Allegra's opinion in order to assist a reviewing court in "perform[ing] its statutory function of judicial

review.'") (quoting *Cotter*, 642 F.2d at 704–05). It may be that, on remand, the ALJ will again assign only partial weight to Dr. Dragonas' November 10, 2014, opinion and ultimately conclude that Plaintiff is not disabled. However, at this juncture, the ALJ must discuss his reasons for discounting this relevant evidence. *See id*. This Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of this issue.[4]

## V.      CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date: February 4, 2021                              *s/Norah McCann King*
                                                                 NORAH McCANN KING
                                                        UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff also asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the ALJ's evaluation of Dr. Dragonas' November 10, 2014, opinion, the Court need not and does not consider those assertions.