[Docket No. 18]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

A.G.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil Nos. 18-3335-RMB
20-20214-RMB

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**:

Attorney James Langton moves for attorney's fees under Section 406(b) of the Social Security Act ("Act"), 42 U.S.C. § 406(b), based on a contingent-fee arrangement between himself and Social Security claimant, Plaintiff A.G. ("Plaintiff"). For representing him in Social Security matters, Plaintiff agreed that Attorney Langton would receive 25% of any past due disability benefits award that the Commissioner of the Social Security Administration ("Commissioner") doled out to him. The Commissioner having awarded Plaintiff $99,022 in past due disability benefits, Attorney Langton now seeks $24,755.50 in attorney's fees, or 25% thereof.

[1] Due to the significant privacy concerns in Social Security cases, plaintiffs are identified and referenced solely by initials in opinions issued by the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021-10.

For the reasons that follow, the Court will **GRANT** Attorney Langton's fee application filed in case number 20-cv-20214.

## I. BACKGROUND

According to their contingent-fee agreement, Plaintiff agreed to pay Attorney Langton a fee not to exceed 25% of his past due disability benefits award, if conferred, as compensation for representing him in federal court on Social Security matters. [Docket No. 18-6.] In 2018, Attorney Langton filed a Social Security appeal on Plaintiff's behalf, assigned case number 18-cv-3335, seeking to overturn the Commissioner's denial of Plaintiff's application for disability benefits. *A.G. v. Comm'r of Soc. Sec.*, No. 18-3335 (D.N.J. Mar. 8, 2018) (Docket No. 1). Plaintiff's first application alleged an onset disability date of July 11, 2014. *Id.* (Docket No. 1 ¶ 4). While that case was pending, Attorney Langton filed a second Social Security appeal in this Court, assigned civil case number 20-cv-20214, alleging an onset disability date of February 22, 2018. [Docket No. 1 ¶ 4.]

In February 2021, following review of the parties' briefing, the Court reversed and remanded the Commissioner's unfavorable decision in Plaintiff's first appeal for further administrative proceedings. *A.G.*, No. 18-3335 (Docket Nos. 27; 30; 32–33). The Court soon thereafter entered the parties' proposed consent order awarding Attorney Langton $6,318 in attorney's fees and $400 in costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.* (Docket Nos. 35–36). Attorney Langton did not move for attorney's fees under Section 406(b) in the first appeal.

Then, in February 2022, the Court entered the parties' proposed consent order to reverse and remand the Commissioner's decision in Plaintiff's second appeal to consolidate Plaintiff's claims for administrative rereview. [Docket Nos. 13–14.] The Court thereafter entered the parties' stipulated award of $3,201 to Attorney Langton pursuant to the EAJA. [Docket Nos. 16–17.]

On consolidated remand, the Commissioner found Plaintiff disabled as of January 25, 2014, awarding him $99,022 in past due disability benefits. [Docket Nos. 18-3, at 2; 18-7.] The Commissioner is withholding a total of $24,755.50 from this award, or 25% of Attorney Langton's contractual share. [Docket No. 18-7, at 3.] Attorney Langton now seeks a fee award for that amount based on his contingent-fee agreement with Plaintiff. [Docket No. 18.]

Attorney Langton spent 15.1 hours on the first Social Security appeal and 40.2 hours on the second. [Docket Nos. 18-2 ¶ 2; 18-5.] Attorney Langton contends that the $24,755.50 in attorney's fees is reasonable given the time spent on the two appeals, their risk of non-recovery, and the favorable result obtained for Plaintiff on consolidated remand. *See* [Docket No. 18-3.] Plaintiff has also "reviewed" Attorney Langton's request "and agrees with payment of $24,755.50 in attorney's fees." [*Id.* at 5.] The Commissioner neither supports nor opposes Attorney Langton's Motion for Attorney's Fees. [Docket No. 20.]

## II. STANDARD OF REVIEW

The Act allows an attorney to have a contingent-fee arrangement with a Social Security claimant under which the attorney receives a percentage of the benefits award.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining that the Act "does not displace contingent-fee agreements"). Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b). "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, No. 20-18687, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). By Section 406(b)'s plain terms, contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress permits contingent-fee arrangements in the Social Security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("[Section 406(b)] calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). In so doing, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022). "While [Section] 406(b) fees compensate

counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)). And courts must never forget "the primacy of lawful attorney-client fee agreements." *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Put differently, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See Arnold v. O'Malley*, 106 F.4th 595, 600–01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853–54.

The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under Section 406(b) is reasonable. *Fields*, 24 F.4th at 854. This is so because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* Finally, if the attorney has received an award under the EAJA, the attorney must refund that award to the Social

Security claimant. *Gisbrecht*, 535 U.S. at 796 (alteration in original) (internal citation omitted) ("Congress harmonized fees payable by the Government under EAJA with fees payable under [Section] 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

## III. DISCUSSION

Against this backdrop, the Court turns to Attorney Langton's fee application. The Court considers first his relevant legal experience. *Leak*, 2017 WL 5513191, at *1. Attorney Langton has substantial experience handling Social Security matters, having "represent[ed] claimants before the Social Security Administration and [f]ederal [c]ourts for over 30 years." [Docket No. 18-3, at 3]; *see, e.g.*, *Wendy F. v. Comm'r of Soc. Sec.*, No. 23-4685, 2025 WL 3022181, at *2 (D.N.J. Oct. 29, 2025) (citations omitted) ("[Attorney Langton] also has significant experience—more than 30 years—representing claimants in social security matters, which weighs in favor of granting the award.").[2]

Next, the Court considers Attorney Langton's hourly rate and the nature of the contingent fees sought. *Leak*, 2017 WL 5513191, at *1. Attorney Langton seeks

[2] The Court notes that Attorney Langton's asserted experience, as well as his itemized labor expenditure and Plaintiff's lack of objection to his request, are not attested to under oath. Nevertheless, Attorney Langton's representations to this Court fall under his professional and Federal Rule of Civil Procedure 11 obligations, and this Court recently noted Attorney Langton's decades of experience in a recent memorandum order awarding him fees under Section 406(b). *Wendy F.*, 2025 WL 3022181, at *2. Still, the Court counsels Attorney Langton that his future fee applications shall include affidavits swearing and attesting to the required information.

$24,755.50 in attorney's fees from Plaintiff's award, which constitutes 25% of the award. [Docket Nos. 18-2 ¶ 3; 18-3, at 2.] Under the contingent-fee agreement, Plaintiff agreed to pay Attorney Langton 25% from any past due disability benefits award as compensation for representing him in the Social Security appeals. [Docket No. 18-6.] Attorney Langton spent a total of 55.3 hours on Plaintiff's Social Security appeals, which computes to an hourly rate of $447.69 [Docket Nos. 18-2 ¶ 2; 18-5.] Courts in this District have found greater imputed hourly rates reasonable under the circumstances. *See, e.g.*, *Wells v. Comm'r of Soc. Sec.*, 20-10259, 2024 WL 447768, at *1–*2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of $1,056.34); *Mignone v. Comm'r of Soc. Sec.*, No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (approving imputed hourly rate of $850.14); *Gonzalez v. Comm'r of Soc. Sec.*, No. 10–3735, 2017 WL 6513349, at *2–*3 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of $992.82).

This Court has reviewed the briefs Attorney Langton filed on Plaintiff's behalf in the two appeals seeking to overturn the Commissioner's decisions denying him disability benefits. Attorney Langston successfully briefed Plaintiff's first appeal and accomplished remand for further administrative review. *A.G.*, No. 18-3335 (Docket Nos. 27; 30; 32–33). For Plaintiff's second appeal, the Commissioner agreed to reverse and remand the matter for purposes of consolidation, ultimately resulting in a total past due benefits award of $99,022 for Plaintiff after around eight years of litigation. Given these circumstances, the Court finds the sought-after contingent fee reasonable.

Moreover, there was a high risk of non-recovery. When Plaintiff filed his Social Security appeals, the Commissioner had an average award rate of about 33%. SOC. SEC. ADMIN., ANNUAL STATISTICAL REPORT ON THE SOCIAL SECURITY DISABILITY INSURANCE PROGRAM, 2024, at 160 (December 2025). In light of this figure, Plaintiff's recovery was far from certain. Further, there is no evidence before the Court that Attorney Langton caused any undue delay to increase his fees. Attorney Langton, in the Court's view, zealously represented Plaintiff before the agency on remand and achieved a successful favorable decision. Of note, too, neither the Commissioner nor Plaintiff have objected to Attorney Langton's fee application. [Docket Nos. 18-3, at 5; 20.]

Because of Attorney Langton's experience, imputed hourly rate, labor expended, and risk of non-recovery, the Court finds reasonable the $24,755.50 requested fee. *Cf., e.g.*, *M.L.R. v. Comm'r of Soc. Sec.*, No. 19-12213, 2026 WL 524016 (D.N.J. Feb. 25, 2026) (finding request of $40,456.50 in attorney's fees reasonable under 42 U.S.C. § 406(b) where counsel certified to working a total of 44.55 hours); *Curry v. Comm'r of Soc. Sec.*, 15-7515, 2023 WL 6533443, at *1–*2 (D.N.J. Oct. 6, 2023) (same for requested fees of $30,735.75 requested fee where counsel certified to working a total of 28.7 hours).

Attorney Langton recognizes that he must remit to Plaintiff the EAJA awards previously ordered by this Court. [Docket No. 18-3, at 5.] The Court, however, will modify Attorney Langton's proposed remittance of $9,519 to $9,919. In toting the remittance, Attorney Langton does not include the $400 he received in court costs as

part of his EAJA award in Plaintiff's first appeal. *A.G.*, No. 18-3335 (Docket No. 36). Nor does Attorney Langton address why he is not obligated to return the $400 in court costs that comprise, too, the total EAJA award. *See* [Docket No. 18.]

In the first appeal, the Court awarded Attorney Langton a total EAJA award of $6,718—$6,318 in attorney's fees and $400 in costs—at his own request. *See A.G.*, No. 18-3335 (Docket Nos. 43 (requesting "$6,718.00 pursuant to [the EAJA]); 34-3, at 2 (reiterating Attorney Langton's request "for an award of attorney's fees and costs pursuant to the [EAJA]"). Because Attorney Langton's remittance of the total $6,718 EAJA award from Plaintiff's first appeal is a precondition to an award of $24,755.50 in attorney's fees under 42 U.S.C. § 406(b), the Court will modify the remittance amount to $9,919, the total EAJA award received by Attorney Langton from Plaintiff's two Social Security Appeals. If Attorney Langton wishes to pursue the $400 in court costs, he may file a motion for reconsideration on the issue no later than December 2, 2026.

## IV. CONCLUSION

For the reasons above, and for good cause shown,

**IT IS**, on this **2nd** day of **November 2026**, hereby:

1. **ORDERED** that Attorney James Langton's Motion for Attorney's Fees under Section 406(b) of the Social Security Act [Docket No. 18] filed in the second Social Security appeal at case number 20-cv-20214 is **GRANTED**; and it is further

2. **ORDERED** that Attorney James Langton shall remit to Plaintiff A.G. the $6,718 awarded under the EAJA by this Court's previous order in the first Social Security appeal at case number 18-cv-3335; and it is further

3. **ORDERED** that Attorney James Langton shall remit to Plaintiff A.G. the $3,201 awarded under the EAJA by this Court's previous order in the second Social Security appeal at case number 20-cv-20214; and it is further

4. **ORDERED** that Attorney James Langton shall be awarded $24,755.50 in attorney's fees from Plaintiff A.G.'s past due disability benefits award; and it is further

5. **ORDERED** that, if Attorney Langton wishes to pursue the $400 in court costs that constitute part of his total EAJA award, then he may file a motion for reconsideration on the issue **no later than December 2**, **2026**; and it is finally

6. **ORDERED** that the Clerk of the Court shall docket this Memorandum Order in both case numbers 18-cv-3335 and 20-cv-20214.

**/s/ Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge